## THE STATE v. HALL, Appellant.

### Division Two, June 6, 1905.

1. **CONTINUANCE: Hearing: Absence of Defendant.** The mere fact that the record does not affirmatively disclose the presence of defendant when his application for a continuance was heard and overruled, constitutes no ground for a reversal of the judgment.

2. **CIRCUIT COURT: Lewis County: Criminal Jurisdiction.** The Act of March 5, 1897, providing that the circuit court of Lewis county should hold two of its terms each year in the town of Canton, did not prohibit the court sitting at Canton from exercising its criminal jurisdiction in causes arising in any part of said county. Said court being a court of general criminal jurisdiction, it is not necessary that an information preferred and filed therein should show upon its face that the alleged crime was committed within the territorial jurisdiction of the Canton division of said court.

Appeal from Lewis Circuit Court.—*Hon. E. R. McKee,*
Judge.

AFFIRMED.

*Reeves & Blair* for appellant.

(1)   Defendant was not present at the time the
court took up and overruled his application for a con-
tinuance of the case.   This action of the court is within
the prohibition of section 2610, Revised Statutes 1899.
(2)   The information in this case does not charge that
the alleged offense of defendant was committed within
the jurisdiction of the court.   Laws 1897, p. 60.

*Edward C. Crow,* Attorney-General, and *Sam B.
Jeffries,* Assistant Attorney-General, for the State.

The application for a continuance and its consid-
eration by the court constituted no part of the trial
proper, and particularly is it true that it constitutes
no part of the trial referred to by the statute.   State
v. Brown, 63 Mo. 444; State v. Elkins, 63 Mo. 163;
State v. Brewer, 109 Mo. 653.

GANTT, J.—This is an appeal from a judgment
of the circuit court of Lewis county.   At the March
term, 1903, of the circuit court of Lewis county, at the
town of Canton in said county, the prosecuting attor-
ney of Lewis county filed an information wherein he
charged one R. B. Hall with murder in the second de-
gree of one Samuel Anderson on or about the — day of
December, 1902, in said county.

This information was verified by the affidavit of
the prosecuting attorney on the 29th of January, 1903.
At the March term, 1903, the defendant was put upon
his trial for murder in the second degree, and convicted
of manslaughter in the fourth degree, and his punish-

ment fixed at three months in the county jail and a fine of one hundred dollars.

A motion for new trial was filed and overruled and the defendant sentenced in accordance with the verdict.

An appeal was granted to this court, and the defendant recognized in the sum of five hundred dollars with D. R. Reeves and Jas. T. Blair as sureties to appear in this court and receive judgment on his said appeal.

It appears that leave was given to file a bill of exceptions in vacation and the time extended, but that no bill of exceptions was ever filed. Various errors are assigned for the reversal of this judgment, and they will be noted in the course of the opinion.

I. It is insisted that, because the record proper does not on its face show that the defendant was present at the time the court took up and overruled his application for a continuance, manifest error was committed. This contention is based upon section 2610, Revised Statutes 1899, which provides: "No person indicted for a felony can be tried unless he be personally present during the trial; nor can any person be tried or allowed to enter a plea of guilty in any other case unless he be personally present, or the court or prosecuting attorney shall consent to such trial or plea in the absence of the defendant; and every person shall be admitted to make any lawful proof by competent witnesses or testimony in his defense." There is a proviso which permits the verdict of the jury to be received by the court when the defendant's absence is wilful and voluntary, and a further provision that if the record in the appellate court shows that the defendant was present at the commencement or *any* other stage of the trial it should be presumed, in the absence of evidence to the contrary, that he was present during the whole trial.

The application for the continuance and its con-

sideration by the court constituted no part of the trial
proper within the meaning of the above section.    It
was ruled in State v. Brown, 63 Mo. 439, that the ab-
sence of a defendant* during the hearing of a motion
for new trial was no ground for reversal, though it was
afterwards ruled in State v. Hoffman, 78 Mo. l. c. 258
and 259, that the court erred in refusing the request
of the defendant, who had been found guilty, to be
present at the hearing of his motion for new trial.
That case was distinguished from Brown's case as
presenting an entirely different question.   In State v.
Lewis, 80 Mo. l. c. 112, as it did not affirmatively ap-
pear that the defendant was denied the privilege of
being present when his motion for new trial was de-
cided, it was held that the point was unavailing.    It
was held in State v. Elkins, 63 Mo. l. c. 163, that it was
no infringement of the rights of a defendant because
the record did not show he was personally present at
the hearing of his application for a change of venue.
It is obvious, we think, that the mere fact that this rec-
ord does not  affirmatively disclose the presence of the
defendant when his application for continuance was
heard and overruled is no ground for a reversal of the
judgment.

II.   But it is insisted that the information in this
case does not charge an offense within the jurisdiction
of the circuit court of Lewis county, for the reason that
it appears that the session of the court at which the in-
formation was filed was held in the town of Canton in
said county, and that the jurors summoned and im-
paneled to try the case were selected from that por-
tion of the county over which the Canton division of
said court has jurisdiction, but the information does
not charge the offense to have been committed within
the territorial jurisdiction of said division of the court
held at Canton.   This insistence is bottomed upon an
act of the Legislature entitled "An act providing for
holding two terms of the Lewis County Circuit Court

at the town of Canton, in said county, and prescribing the jurisdiction thereof. Approved March 5th, 1897'' (Laws 1897, p. 60). By the first section of that act it is provided ''that the judge of the First judicial circuit shall hold two terms of the Lewis County Circuit Court each year in the town of Canton, in said county of Lewis, at the following times, to-wit, on the third Monday in March and the third Monday in September.'' By the second section provision is made for a courthouse in Canton and for offices for the clerk, all of which should be provided free of expense to the county. By section three it provides that said court shall have jurisdiction as follows: First, original and exclusive jurisdiction in all cases, whether in law or equity, arising in all that part of Lewis county lying east of the range line between ranges six and seven. Second, original and exclusive jurisdiction in all criminal cases arising otherwise than by indictment in the said above mentioned and described territory. Fourth, said court shall have concurrent jurisdiction with the circuit court held at the county seat for the trial of all criminal offenses committed in said county east of said range line between ranges six and seven arising by indictment. And all indictments found by the grand jury in the circuit court at the county seat of said county for all crimes and offenses committed in said described territory shall be transferred to the circuit court at the town of Canton for trial and all other and further proceedings thereof.

By section 1674, Revised Statutes 1899, it is provided: ''That the circuit court in the respective counties in which they may be held, shall have power and jurisdiction as follows: First—As courts of law, in all criminal cases which shall not be otherwise provided by law.'' And by section 1687 the First judicial circuit shall consist of the counties of Clark, Scotland, Knox and Lewis.

It will be noted that, by the first section of the act

of 1897, above stated, the judge of the First judicial circuit is required to hold two terms of the circuit court of Lewis county each year in the town of Canton. Do the provisions of section three above noted deprive that court, while holding its sessions at Canton, of its general jurisdiction over criminal causes arising in any portion of said county? And is it restricted while holding its terms at Canton to jurisdiction in those cases alone which arise in that part of Lewis county lying east of range line between ranges six and seven? And must it affirmatively appear in the information filed therein that a criminal case originated in said before-mentioned and described territory of Lewis county before it can proceed to hear and determine the same? We have reached a conclusion that it is not so restricted. When the circuit court of Lewis county meets in the town of Canton it is possessed of all of the powers and jurisdiction conferred by law upon it to hold court at Monticello.

The act of March 5, 1897, did not establish a new court, but simply provided that the circuit court of Lewis county should hold two of its terms each year in the town of Canton. It clearly was not the purpose of the Legislature to establish a new court, but to provide for the holding of the regular circuit court at a different place than the county seat. While it is true that section three of the act of March 5th does purport to confer original and exclusive jurisdiction in all criminal cases otherwise than by indictment in said special territory in said county, it does not prohibit the said court from exercising its criminal jurisdiction in causes arising in any part of said county. The grant of jurisdiction in said section three was a mere act of supererogation and added nothing whatever to the jurisdiction of the said court when sitting at Canton, nor did it curtail in any manner the jurisdiction of said court. The said court is a court of general criminal jurisdiction, and it was not at all essential that an in-

formation preferred and filed therein should allege upon its face that the alleged criminal acts were committed in that part of Lewis county lying east of the range line between ranges six and seven. It follows that the assignment of error based on this ground is not well taken, and that the information was and is sufficient.

As no error appears on the face of the record, the judgment of the circuit court must be and is affirmed.

*Fox, J.,* concurs; *Burgess, P. J.,* absent.