## COURT OF APPEALS.

### Apr. 5, 1907.

# THE PEOPLE *v.* WILLIAM NELSON.

(188 N. Y. 234.)

APPEAL—UNREASONABLE DELAY.

> Any unreasonable delay in bringing on for argument an appeal in a criminal case is subversive of public good and a disgrace to the administration of justice. When such delay is wholly the fault of counsel assigned to the defendant and is unexplained it merits severe criticism, and they should not be retained in the position to which they are assigned or thereafter assigned in other criminal actions.

MOTION to affirm without argument a judgment of the Supreme Court at a Trial Term, criminal branch, in the county of New York, rendered April 9, 1906, convicting the defendant of the crime of murder in the first degree.

The motion was made pursuant to the provisions of sections 536 and 539 of the Code of Criminal Procedure.

*William Travers Jerome, District Attorney (Robert S. Johnstone* and *Robert C. Taylor* of counsel), for motion.

*O'Hare & Dinnean* opposed.

*Per Curiam.* The defendant has since his arraignment been represented by a firm of attorneys assigned as counsel to him by the court. The prompt and orderly administration of justice requires that we change the counsel assigned to represent him. A brief statement of the facts appearing upon this motion will emphasize the necessity for such change. On April 9th, 1906, the defendant was convicted of murder in the first degree and sentenced to death within the week beginning May 21st, 1906. On April 26th an appeal was taken to this court.

The trial was a comparatively short one, and the proposed case and exceptions should have been served on or before May 26th, 1906.   It was not so served, and no extension of time was obtained or even requested therefor.   On July 7th, July 26th and September 10th the district attorney, by letter, called the attention of said counsel to their default and requested that the proposed case and exceptions be served.   No reply was made to either of said letters and on September 14th a formal notice requiring that the return herein be filed within ten days was served upon them.   It was not so filed.   A motion was made in this court October 15th, upon due notice to said counsel, to dismiss the appeal.   They did not appear in person in this court or file any papers in explanation of their delay, but one of said counsel wrote a letter to the clerk of this court in which he stated that he had been informed by the district attorney that an order requiring the service of the case and exceptions within sixty days would be satisfactory.   An order was made by this court October 23rd denying the motion and granting said counsel sixty days in which to perfect the appeal.   (186 N. Y. 554.)   A copy of the order so made was served upon them.   They again made default in serving the proposed case and exceptions.   After the time to serve the same had expired and on December 31st the district attorney wrote them calling their attention to the default, to which letter they did not reply. This motion was made April 1st, 1907, upon due notice served upon said counsel March 21st.   They have not appeared in person upon this motion, but have filed an affidavit in which one of the counsel alleges that since the middle of November, 1906, and until a recent date, he has been ill, and further alleges that the proposed case and exceptions is now ready to be served.   No affidavit is filed by the other counsel.   We are in receipt of a letter from the defendant, who is confined in the death chamber at the Sing Sing Prison, in which he says that the motion papers herein were served upon him and that he

then wrote to his counsel but that he is unable to get any reply from them. Assuming that the defendant's appeal has merit, an affirmance of the judgment without argument on account of the negligence and default of his counsel is a most severe penalty which we hesitate about imposing.

This state has by statute given every person charged with crime a reasonable opportunity to establish his innocence. To that end when a person charged with crime is unable to employ counsel the court must assign counsel to aid him. The counsel so assigned acts as an officer of the court. In a case where a person is charged with murder in the first degree, or upon an appeal from a judgment of death, the court in which the defendant is tried or the indictment is otherwise disposed of, or by which the appeal is finally determined, may allow such counsel his personal and incidental expenses and a reasonable compensation for his services not exceeding the sum of five hundred dollars. When a person is convicted of murder in the first degree an appeal acts as a stay of execution without obtaining a certificate of reasonable doubt as is required in other cases. All of the provisions mentioned are for the purpose of enabling a person so charged with crime to obtain a fair and impartial trial and to give to him every reasonable opportunity to show that he is not guilty of the crime with which he is charged. The stay in capital cases should not be used simply for the purpose of delaying the execution of the judgment of death. The provisions of the statute quoted, which are designed for the public good as well as for the protection of innocent persons accused of crime, should not be allowed to become the means of discrediting the administration of criminal justice in this state. The intention of the legislature in capital cases is that a final determination of such criminal actions shall be had with all reasonable speed. Such intention is shown by providing that the appeal shall be taken directly to this court, and by the further provisions of the Code of Criminal Procedure

(sections 536 and 539) that where the judgment appealed from is of death and the appeal must be brought on for argument within six months, unless the court for good cause shown shall enlarge the time for that purpose, and that judgment of affirmance may be given without argument if the appeal shall not have been brought on for argument within six months from the taking of such appeal, unless the court, for good cause shown, shall have enlarged such time. The delay frequently observed in criminal actions is not the fault of the courts. Any unreasonable delay, particularly in such actions, is subversive of the public good and a disgrace to the administration of justice, and when it is properly brought to the attention of the court action will be taken to prevent its continuance. The delay in this case seems to have been wholly the fault of the counsel assigned to the defendant. Their delay is unexplained, and it merits the severe criticism of this court. When counsel assigned to aid a person accused of crime indulge in such delay without reasonable excuse, they should not be retained in the position to which they are assigned, or thereafter assigned, by the court in other criminal actions.

The assignment of counsel in this case is revoked and John D. Lindsay, attorney of New York city, is assigned as counsel for said defendant to represent him on the appeal herein, and said counsel heretofore assigned to said defendant are directed to immediately deliver to said Lindsay all papers that they have in their possession or control relating to this case, including the proposed case and exceptions prepared by them.

The defendant's default is opened and the proposed case and exceptions herein may be served on the district attorney on or before May 10, 1907.

CULLEN, Ch. J., O'BRIEN, EDWARD T. BARTLETT, HAIGHT, VANN, HISCOCK and CHASE, JJ., concur.

Ordered accordingly.