STATE OF MISSOURI at the Relation of JAKE BRADFORD, JR., Relator, v. W. M. DINWIDDIE, Judge of the Circuit Court of Boone County, Missouri, Respondent, No. 42346—237 S. W. (2d) 179.

Court en Banc, March 12, 1951.

*Ralph L. Alexander* for petitioner.

*W. Brady Duncan,* Assistant Attorney General, and *Philip A. Grimes,* Prosecuting Attorney of Boone County, for respondent.

[180]  LEEDY, J.—The Boone Circuit Court assigned counsel to represent relator, Bradford, in a criminal case pending in that court

in which he was then (and is now) charged with rape. Subsequently, the court, on motion of the state, relieved the attorney from such assignment, and substituted other counsel in his stead, and relator brought this proceeding in certiorari to review, and to quash the record of, that action.

The record shows that the information was filed December 27, 1949, and that on January 3, 1950, the accused, then in custody, was taken before the court, "and it appearing to the court that the said defendant is without counsel and is not financially able to employ counsel, M. Stanley Ginn, a member of the bar of this court, is hereby appointed as counsel to take charge of his defense herein." Colonel Ginn accepted the appointment, and continued to serve in such [181] capacity until relieved by the order entered June 21, 1950, out of which this proceeding arose. On June 20, 1950, the state filed a motion praying the appointment of an elisor to perform the duties of sheriff in summoning and caring for the jury in said case (then set for trial on June 26), or, in the alternative, for the removal of Colonel Ginn as counsel and the appointment of new counsel in his stead. The relief thus demanded was based upon these allegations of the motion:

"1. Counsel for the defendant is a Deputy Sheriff, having been appointed a Deputy Sheriff by the Sheriff of Boone County on the 11th day of October, 1949.

"2. Counsel for the defendant was a Deputy Sheriff of Boone County on the 29th day of October, 1949, the date the crime occurred which the defendant, Jake Bradford, Jr., is charged by the State of Missouri with committing.

"3. Counsel for the defendant has made investigations, in his capacity as a Deputy Sheriff, pertinent to this case, and has been in close contact with the Sheriff's Office while preparing his defense of Jake Bradford, Jr.

"4. At the time of the appointment of Stanley Ginn as counsel for the defendant, neither he nor the Sheriff revealed to the Court or to the Prosecuting Attorney that counsel for the defendant was, at that time, a Deputy Sheriff of Boone County.

"5. Counsel for the defendant, as a Deputy Sheriff of Boone County and as defense counsel, is in the inconsistent position of being charged with enforcing the law, and at the same time is counsel for, and representing a person charged with committing a serious crime.

"6. Counsel for the defendant, having an appointment as a Deputy Sheriff of Boone County, causes the Sheriff of Boone County, as his superior, to be an interested party in this cause and is in the inconsistent position of being charged with enforcing the laws and at the same time having one of his deputies de-

fending a person charged with a crime against the State of Missouri."

And on the next day, June 21, 1950, the sheriff filed his verified "answer" to the alternative motion, as follows (caption, signatures and verification omitted):

"Comes now Glen Powell, the duly elected, qualified and acting Sheriff of Boone County, Missouri, and for answer to motion to appoint an Elisor in the above entitled case states that Stanley Ginn, attorney for the defendant in the above entitled case, has never worked with the Sheriff in connection with this case and that the Sheriff has never given the said Stanley Ginn any information concerning said case and the said Stanley Ginn has never had access to any information the Sheriff has concerning said case, and that the only interest that he as Sheriff of Boone County, Missouri, has in said case is to see that justice is done, and that the fact that Stanley Ginn is a Deputy Sheriff of Boone County, Missouri, will not affect the action of the Sheriff in any particular in the performance of his duties in connection with this case.

"The said Sheriff further states and avers that Stanley Ginn was made a Deputy Sheriff of Boone County out of courtesy and only for the reason that the said Stanley Ginn is now and has been for many years a member of the Peace Officers' Association and that he desires to continue his contact with such Association and in order to do so it was necessary for him to be a peace officer in the State of Missouri, and that this appointment was made out of courtesy in order that the said Stanley Ginn might accomplish this purpose.

"Further answering, the said Glen Powell, Sheriff of Boone County, Missouri, denies that he is disqualified from summoning a fair and impartial jury in the above case."

And on the same day, June 21, 1950, the court, after hearing the evidence, and arguments of counsel, including that of Colonel Ginn for defendant-relator, overruled the state's motion insofar as it pertained to the appointment of an elisor, but sustained it (solely on ground five thereof) as to relieving the previously assigned [182] counsel, and in whose place and stead the court ordered that Messrs. Ralph L. Alexander and Wm. H. Becker, members of the Boone County Bar, be substituted. (Thereafter, on Mr. Becker's own motion and showing of his disqualification to serve, by reason of his representation of an interest which conflicted with defendant's, he was, on September 19, 1950, permitted to withdraw. This particular feature is not in controversy and will not be further noticed.)

As above stated, the challenged order was based solely on ground five of the motion, that of inconsistency between the position of defense counsel and the office of deputy sheriff. Relator argues

the merits by contending that no inconsistency was shown because Colonel Ginn was a deputy in name only; that he had not actively participated in this or any other criminal case in that capacity, and that there was no showing of any possible disadvantage to the state by reason of his being deputy sheriff. It was apparently in this connection that the evidence taken on the hearing was included as a part of the respondent's return, but it must be disregarded under the practice governing common law certiorari, as here involved. "The merits of the matter under consideration may not be inquired into. 'Certiorari * * * takes the record as it finds it, excluding the mere evidence which can, in the nature of things, relate to the merits only, tending to show, as it does, that the court erred in its judgment. The office of the writ is not to review error of that sort.' State ex rel. v. Broaddus, 245 Mo. 123, 136, 149 S. W. 473, 476, Ann. Cas. 1914A, 823 (and other cases)." State ex rel. St. Louis Union Trust Co., et al. v. Neaf, et al., 346 Mo. 86, 94, 139 S. W. 2d 958, 963. Disregarding, then, the extent of Colonel Ginn's activities in his official position as a deputy sheriff, the question is reduced to that of whether the role of court appointed counsel for an indigent prisoner is, or may be, incompatible with that of a deputy to the sheriff of the county in which the venue of the crime charged is laid. If so, the court was justified in taking the action it did, and the order is not vulnerable to attack.

██ To advert to underlying principles will be helpful: "At common law an attorney was entitled to certain privileges by virtue of his office. These were allowed for the benefit of suitors and in the interest of the due administration of justice, *and not for the benefit of the attorney.*" [Italics ours.] 1 Thornton, Attorneys at Law, § 72, p. 113. It is interesting to note that among such privileges was exemption from serving in the office of sheriff, as held in England in the case of Mayor of Norwich v. Berry, 4 Burr. 2110, decided in the Court of King's Bench in 1767 upon precedents then a century and a half old. That was an action against an attorney to recover a penalty for his refusal to take the office of sheriff of the City of Norwich to which he had been elected. In sustaining the exemption, Lord Mansfield said: "For, the privilege insisted upon, as the ground of exemption, is the privilege of the *Court* [of Common Pleas of which attorneys are ministers]: and the cases cited in support of it are very strong; * * *

"I lay a great stress upon the two precedents of near a century and a half ago, and no instance in contradiction to them.

"The case of a Sheriff of a county at large may possibly be a different case. But I know that Barristers are considered as exempt from serving that office: and an Attorney might perhaps have the same reason to object to it: though, indeed, that is not a case so likely to happen."

"In appointing counsel the court should act in such a way that both the individual and the state will be impartially protected." 14 Am. Jur., Criminal Law, § 174. While the discharge of, or substitution for, court appointed counsel for an indigent seldom occurs, or is even asked, nevertheless the court's power so to do is well recognized. See 157 A. L. R. 1225, where the right of the *defendant* thereto is the subject of annotation. But [183] no case has been cited, nor have we been able to find one, which considers the right of the prosecution to make such a demand, as in the case at bar. People v. Nelson, 188 N. Y. 234, 80 N. E. 1029, is an example where, for cause, such action appears to have been taken on the court's own motion. There an appeal from a conviction of murder and sentence of death was taken by defendant's court appointed counsel who unseasonably delayed prosecution of the appeal. The New York Court of Appeals, concluding that the "prompt and orderly administration of justice" required it, removed such counsel and assigned another to represent defendant on the appeal.

§ 57.270, RSMo 1949, provides: "Every deputy sheriff shall possess all the powers and may perform any of the duties prescribed by law to be performed by the sheriff." It could not be contended, in any view that may be taken, that it would be proper for the sheriff himself to serve as defense counsel. And for the same reason, the appointment of the sheriff's deputy, even if inactive, would not be allowed to stand over the objection of the prisoner. This being true, there is no sound reason for denying to the state, and to the court itself, the right to correct such an incongruity. It is not even hinted (nor could it be with any semblance of fact) that the order operated to impair defendant's right to the assistance of counsel. The matter was clearly one for the exercise of the court's discretion, and we hold it had the inherent right to make the order in furtherance of the orderly administration of justice.

██ This brings us to the remaining question which is based upon the fact that relator was not personally present when the motion was heard and the order thereon made. His absence is accounted for by the admitted fact that he was then confined in the Missouri Penitentiary upon conviction for another offense. His appearance at the hearing was by and through his then counsel, Colonel Ginn, as the record attests. In Edwards v. United States, 139 Fed. 2d 365 (the only case we have found dealing with the point), after trial and conviction (and even after the appellate court had acquired jurisdiction of the case), the trial court accepted trial counsel's withdrawal (he was serving as such by court appointment), which withdrawal was made out of the presence and without the knowledge of defendant. On appeal this action was upheld, the court saying, "Such acceptance, by the court, of counsel's withdrawal after filing notice of appeal was

not in any sense a 'stage of the trial' at which it is the right of the accused to be present in person.''

Art. I, § 18, Const. of Mo. 1945, provides that ''the accused shall have the right to appear and defend, in person and by counsel,'' and under § 546.030, RSMo 1949, ''No person indicted for a felony can be tried unless he be personally present during the trial,'' etc. Relator concedes that these provisions have been held to mean that the presence of an accused is not required at each and every stage of the proceeding, but he does insist that the step here in question was of such importance to his rights that he was entitled to be present at the time. We do not agree. ''Trial'' (in the sense of requiring the presence of defendant) under the foregoing statute, has been held not to embrace such matters as ruling on a defendant's application for a continuance (State v. Hall, 189 Mo. 262, 87 S. W. 1181); his motion for a new trial (State v. Stucker, 352 Mo. 1056, 180 S. W. 2d 719); or his motion to quash the information (State v. Neal, 350 Mo. 1002, 169 S. W. 2d 686). We fail to see wherein the challenged action more substantially affected relator's rights than in the instances just cited. It is clear that it was no part of the trial, and, under the circumstances, his presence was not required.

Our writ having been improvidently issued, should be quashed, and it is so ordered. All concur.