**STATE of Missouri, Respondent,**

v.

**Donald Gene DURHAM, Appellant.**

**No. 52213.**

Supreme Court of Missouri,
Division No. 2.

June 12, 1967.

Motion for Rehearing or to Transfer to Court en Banc Denied July 10, 1967.

---

3. As the writer knows from personal experience in 1966.

Norman H. Anderson, Atty. Gen., Gerald L. Birnbaum, Asst. Atty. Gen., Jefferson City, for respondent.

Donald Gene Durham, pro se.

STOCKARD, Commissioner.

Defendant has appealed from the order of the Circuit Court of Phelps County denying his motion, without an evidentiary hearing, filed pursuant to Criminal Rule 27.26, V.A.M.R.

Defendant was charged under the habitual criminal act and was found guilty by a jury of burglary and stealing. He was sentenced by the court to a term of eight years for the burglary and four years for the stealing, the terms to run consecutively. Upon appeal the judgment was affirmed. State v. Durham, Mo., 367 S.W.2d 619, certiorari denied 375 U.S. 861, 84 S.Ct. 130, 11 L.Ed.2d 89. A previous motion pursuant to Criminal Rule 27.26 was ruled adversely to defendant, and on appeal that ruling was affirmed. State v. Durham, Mo., 386 S.W.2d 360, certiorari denied 382 U.S. 857, 86 S.Ct. 110, 15 L.Ed.2d 94. Two reported opinions in the federal courts also pertain to a collateral attack by defendant against the validity of the judgment. Durham v. Haynes, D.C., 258 F.Supp. 452 (wherein reference is made to another proceeding in the federal district court attacking the judgment), and Durham v. Haynes, 8 Cir., 368 F.2d 989.

In his brief to this court and in his pro se oral argument defendant asserted that his constitutional rights had been violated in that he was not represented by counsel in this court on his direct appeal. In State v. Schaffer, Mo., 383 S.W.2d 698, and in State v. Moore, Mo., (Case No. 52, 101), this court has ruled that it is not authorized to consider that contention in a proceeding under Criminal Rule 27.26, even when included in the motion. As stated in the Schaffer case, if defendant desires a ruling on the issue of whether he was entitled to counsel on his direct appeal to this court, he should present that issue by an appropriate proceeding instituted in this court.

The first contention in defendant's motion is quite lengthy, and it consists primarily of a narrative statement of the circumstances surrounding his unsuccessful attempt to obtain counsel to represent him at his preliminary hearing. The substance of defendant's contentions is that he was "refused * * * the right to obtain the aid of counsel, or the ample time to obtain counsel" at his preliminary hearing because the magistrate court refused to grant a continuance. He then relates that the magistrate judge knew that he had been held "incommunicado in 'the hole' of the Rolla City Jail," and that he "repeatedly requested" the "police and the sheriff" to be allowed to call "relatives and friends" in St. Louis "to obtain aid to hire counsel to defend petitioner at the preliminary ex-

amination" but this request was refused. Defendant also states that on April 8, 1962, the chief of police agreed to and did call the law firm of White & White in Rolla, and that later Mr. Jay White came to see him and discussed "the possible handling of this petitioner's defense." According to defendant's motion, Mr. White told defendant to request a continuance of his preliminary hearing, and that defendant "should then contact St. Louis to obtain aid to hire Mr. White for defense during the coming preliminary hearing," and that if the court refused to grant a continuance to tell the judge "I told you to request it, and that I am going to defend you." The next morning defendant informed the magistrate court what Mr. White had told him, and after the prosecuting attorney at the judge's request called Mr. White by telephone, he reported back to the court that "Jay [is] not their lawyer," and the court denied the request for a continuance. Defendant asserts that by reason of the above incidents his "federal and state constitutional rights have been violated" and for these reasons "this cause should be remanded for new proceedings to include a preliminary [hearing] with the right being afforded [defendant] to obtain counsel and to defend his interest."

█ Defendant does not contend that at the time of his preliminary hearing he had retained counsel who was not permitted to attend. Neither does he contend that as an indigent he requested the appointment of counsel and was refused. His contention is that the magistrate court refused to grant a continuance of his preliminary hearing so that he could call relatives and friends in St. Louis to obtain financial aid to employ counsel at the preliminary hearing. We note that he does not allege that financial aid would have been forthcoming, and at the trial of his case in the circuit court defendant was represented by counsel appointed by the trial court on the basis that he was an indigent. Defendant was not automatically entitled to a continuance by virtue of his request, particu-

larly when the allegations of his motion establish that the reason stated to the magistrate for the request, that Mr. Jay White was his lawyer and he needed time to obtain money to pay him, was not correct. The granting of the continuance was a matter within the sound discretion of the magistrate, and if that discretion was abused it was subject to review in the trial court and subsequently on appeal, but not in a collateral attack on the validity of the judgment of conviction. No such contention was presented by defendant on his direct appeal to this court, and a proceeding under Criminal Rule 27.26 is not to function as an appeal, State v. Hagedorn, Mo., 305 S.W.2d 700, nor afford a second appellate review. State v. Worley, Mo., 371 S.W.2d 221. The basic issue, therefore, and the one which appears to be urged by defendant in his argument, is whether constitutional requirements prohibited the magistrate court from proceeding with the preliminary hearing without defendant being represented by either retained or appointed counsel.

█ This issue has been before this court on several previous occasions. In State v. Turner, Mo., 353 S.W.2d 602, this court pointed out that in Missouri a preliminary hearing is not a trial of the accused for the offense alleged in the complaint, but that it is merely an inquiry to determine if there is probable cause to believe that a felony has been committed and that the accused is the offender. If probable cause is found by the magistrate the accused may be bound over, formally charged, and then tried in the circuit court on the issue of his guilt. If probable cause is not found the accused is discharged. It was held in the Turner case that neither the federal or the state constitution nor any applicable statute requires the magistrate court to appoint counsel for the accused at a preliminary hearing. See also State v. Gagallarritti, Mo., 377 S.W.2d 298; State v. Small, Mo., 386 S.W.2d 379; State v. Phelps, Mo., 384 S.W.2d 616; State v. Engberg, Mo., 391 S.W.2d 868; State v. Turley, Mo., 416 S.

W.2d 75. Defendant entered no plea of guilty. He made no statement and took no position at the preliminary hearing which was subsequently used against him or to his disadvantage in his trial before a jury on the issue of his guilt. Nothing occurred except an official determination by the magistrate that there was probable cause to charge defendant formally. Defendant does not attempt to allege any occurrence in connection with his preliminary hearing which resulted to his prejudice. We overrule his first contention.

In the statement of defendant's second contention he alleges that his court appointed counsel, Mr. Zane H. White, filed in the circuit court a "motion to remand for preliminary hearing," and that he had told his counsel he wanted to be present at the hearing on the motion and testify and present the testimony of others. Defendant alleges that the hearing on the motion was held on May 7, 1962, at which time he was in the Cole County jail for "housing," and that the record entry that he was in "open court at the time of the hearing" is false. Because of this defendant asserts that he is entitled to have "the cause vacated, or remanded for a new set of proceedings to include a legal preliminary hearing."

Defendant makes no allegations concerning the substance of the testimony he now says he desired to present at the hearing on the motion to remand, which, if true, would have demonstrated that he would have been entitled to a remand of the case for a second preliminary hearing. Therefore, accepting as true his allegation that he was not present at the hearing on the motion to remand, the sole issue is whether the subsequent conviction by the jury must now be set aside for that reason.

Article I, § 18, Constitution of Missouri, V.A.M.S., provides that "the accused shall have the right to appear and defend, in person and by counsel," and it is provided by § 546.030 RSMo 1959, V.A.M.S.,

that "No person indicted for a felony can be tried unless he be personally present, during the trial". However, it is the general rule that "The trial does not embrace every procedural and administrative step and judicial examination of every issue of fact and law during the trial, and accused's presence is not necessary during proceedings which are no part of the trial, such as preliminary or formal proceedings or motions which do not affect his guilt or innocence, * * *." 23 C.J.S. Criminal Law § 974. In State ex rel. Bradford v. Dinwiddie, 361 Mo. 940, 237 S.W.2d 179, this court said: " 'Trial' (in the sense of requiring the presence of defendant) under the foregoing statute [§ 546.030], has been held not to embrace such matters as ruling on a defendant's application for a continuance, State v. Hall, 189 Mo. 262, 87 S.W. 1181; his motion for a new trial, State v. Stucker, 352 Mo. 1056, 180 S.W.2d 719; or his motion to quash the information, State v. Neal, 350 Mo. 1002, 169 S.W.2d 686." The court then ruled that holding a hearing on a motion filed by the state in a criminal case to disqualify court appointed counsel for defendant on the ground that he was a deputy sheriff of the county, and the ruling thereon, "was no part of the trial, and, under the circumstances, [the accused's] presence was not required." We conclude that the hearing and subsequent ruling on the motion to remand for preliminary hearing, which was filed and presented by defendant's counsel, was not a part of the trial, as that term is used in § 546.030, and defendant's absence, if in fact he was absent, did not constitute a violation of any constitutional right to appear and defend in person. There was no request by defendant's counsel that defendant be brought from confinement to the courtroom or that the hearing on the motion be postponed until defendant could be present. Whether this was the result of strategy or a mistake of judgment is immaterial. State v. Worley, Mo., 371 S.W.2d 221, 223. Defendant's hindsight criticism of his counsel affords no basis in this proceeding to grant the requested relief.

■ Defendant's third contention is that his "federal constitutional rights and state constitutional rights were violated" during the trial when police officers "were allowed to run through the courtroom shouting 'Willis has escaped, Durham's partner is escaping,'" some of whom "were waving drawn guns." Defendant asserts that this incident in the presence and hearing of the jury "did so prejudice the jury that this petitioner was denied due process of law and equal protection of the law," and he was deprived of a "fair and impartial trial." This issue was presented in the direct appeal by defendant. The incident occurred during the oral argument by defendant's counsel. As pointed out in the opinion (367 S.W.2d 1.c. 624), there was no request for a mistrial, and there was no request whatever for any remedial action on the part of the court. In defendant's motion for new trial this incident was asserted as error, and a hearing was held on the motion at which defendant testified and related what occurred substantially as alleged in the pending motion. On the direct appeal we ruled on the merits of defendant's contention and held that no prejudicial error occurred. This court has repeatedly held that a motion under Criminal Rule 27.26 may not be used as a substitute for a motion for a new trial, State v. Cerny, Mo., 286 S.W.2d 804, and as stated earlier it may not function as an appeal or afford a second review of alleged trial errors. There is no merit to this contention.

The last contention of defendant is that his "federal constitutional rights are being violated" because the judgment of the trial court was that the four-year sentence for stealing should run "consecutive with" the eight-year sentence for burglary, and that the judgment "does recite an ambiguous, indefinite, and equivocal directive as to the calculation of how the second sentence of four years is to run." Defendant cites United States ex rel. Chasteen v. Denmark, 7 Cir., 138 F.2d 289. From our reading of that opinion we doubt that it supports defendant's contention as to the use of the word "with" following "consecutive." The deficiency there was that the previous sentence which the second sentence was to follow was not sufficiently identified. But, assuming the language has reference to the use of the term "consecutive with," the opinion is not followed in the federal courts. In Hiatt v. Ellis, 5 Cir., 192 F.2d 119, after considering United States ex rel. Chasteen v. Denmark, the court had this to say:

"The word 'consecutive' used in the sentence, according to its primary dictionary definition, denotes 'following in a train, succeeding one another in a regular order.' The word 'with' which follows it in the sentence denotes primarily 'a relation of contact or association'. The idea put forward by the petitioner and adopted by the court, that the use of 'with' instead of 'to' makes the order ambiguous and renders it ineffective will not do.

"It would be difficult to choose two words better able than the words employed here to put in brief compass the idea of cumulative service, the service of one sentence following in the train of, succeeding, the other sentence referred to."

■ Fulton v. United States, 5 Cir., 250 F.2d 281; Toyer v. United States, 8 Cir., 291 F.2d 925; and Young v. United States, 8 Cir., 274 F.2d 698, aff'd 366 U.S. 761, 81 S.Ct. 1670, 6 L.Ed.2d 853, all follow the construction in Hiatt v. Ellis. As stated in the Fulton case, "'Consecutive with' may be infelicitous. It may offend purists in the art of using prepositions idiomatically. But it is not a riddle. It is not illogical. It is not uncertain. It is not ungrammatical." This court recently considered this same contention as now asserted by defendant, and ruled that the words, "consecutive with" clearly revealed the intent of the court to impose cumulative sentences to be served be served consectively and not concurrently. See State v. Jenkins, Mo., 411 S.W.2d 441. We adhere to that view.

The judgment of the trial court is affirmed.

BARRETT and PRITCHARD, CC., concur.

.PER CURIAM:

The foregoing opinion by STOCKARD, C., is adopted as the opinion of the Court.

All of the Judges concur.