**In re Larry HARRIS, Petitioner.**

**No. 61723.**

Supreme Court of Missouri,
En Banc.

Oct. 23, 1979.

Sara T. Harmon, Asst. Public Defender, St. Louis, for petitioner.

George F. Meyer, Jr., James K. Steitz, St. Louis, for respondent.

**PER CURIAM:**

This is habeas corpus.

Petitioner was arrested without a warrant on October 11, 1979, and is now being held in custody by the Sheriff of the City of St. Louis.

Petitioner's Petition for Writ of Habeas Corpus was filed in this Court on October 15, 1979. Writ of Habeas Corpus issued October 17, 1979. A return was filed October 18, 1979. The matter was heard and submitted October 22, 1979.

█ A "warrant" for petitioner's arrest was issued on October 12, 1979, by the Clerk of the Circuit Court of the City of St. Louis under the authority of Rule 21.08, which provides that "upon complaint made by the prosecuting attorney, it shall be the duty of the clerk * * * to issue a warrant * * *." This provision is constitutionally defective. Under the Fourth Amendment, an arrest warrant may not issue unless there has been a finding of probable cause by a "neutral and detached magistrate". *Gerstein v. Pugh,* 420 U.S. 103, 95 S.Ct. 854, 43 L.Ed.2d 54 (1975); *Giordenello v. United States,* 357 U.S. 480, 78 S.Ct. 1245, 2 L.Ed.2d 1503 (1958).

█ From this day forward, any person arrested without a warrant and confined in any place for the alleged commission of any felony shall be discharged from custody within twenty hours from the time of such arrest unless he be held upon a warrant. *See* Rule 22.06 (adopted June 13, 1979, effective January 1, 1980). No warrant for arrest shall be issued without a prior finding *by a court* of probable cause. *See* Rule 22.03 (adopted June 13, 1979, effective January 1, 1980).

In the matter before us, there has been no determination of probable cause for arrest or custody by a judge.

Petitioner is entitled to be discharged. It is so ordered.

All of the Judges concur.