STATE of Missouri,
Plaintiff-Respondent,

v.

Mickey Alice REDING,
Defendant-Appellant.

No. 12444.

Missouri Court of Appeals,
Southern District,
Division Two.

May 10, 1982.

Motion for Rehearing Overruled and
to Transfer to Supreme Court
Denied May 21, 1982.

Application to Transfer Denied
July 12, 1982.

Gail L. Fredrick, Freeman, Fredrick, Bennett & Rogers, P. C., Springfield, for defendant-appellant.

John Ashcroft, Atty. Gen., William K. Haas, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

BILLINGS, Judge.

Defendant Mickey Alice Reding was tried and convicted of second degree murder [§ 565.004, RSMo 1978] for the fatal shooting of her husband, Jack Reding. She seeks reversal and discharge from a 30-year sentence and judgment, contending the warrant for her arrest was issued without a prior judicial determination of probable cause. We affirm.

Defendant was initially arrested late in the afternoon of June 30, 1980, at the scene of the crime and shortly after she shot and killed her husband. She was taken into custody by a deputy sheriff and lodged in the Taney County jail. The next day a verified complaint charging her with the capital murder of her husband was filed

and presented to the associate circuit judge. The judge signed and issued a formal warrant of arrest [Supreme Court Form No. 21] for defendant. Defendant was brought before the court, advised of the charge and her rights, and her preliminary hearing set for July 9, 1980. Her preliminary hearing was conducted as scheduled and she was bound over to circuit court for trial.

■ Defendant does not challenge the validity of her arrest by the deputy sheriff. A Missouri peace officer is empowered and has the duty to arrest without a warrant any person he has reason to believe has committed a felony. *State v. Burnett,* 429 S.W.2d 239 (Mo.1968). In *United States v. Watson,* 423 U.S. 411, 96 S.Ct. 820, 46 L.Ed.2d 598 (1976), the Supreme Court endorsed the common law rule that police may make a warrantless public felony arrest solely on probable cause. However, whenever a person has been arrested without a warrant both Missouri law and Federal law require further steps to be taken in order to determine the matter of the probable cause for the detention of the individual. Rule 22.06, V.A.M.R., mandates that any person arrested without a warrant and confined in any place for the alleged commission of any felony shall be discharged from custody within twenty hours from the time of such arrest unless he be held upon a warrant. Rule 22.03, V.A.M.R., requires a complaint be filed and "a finding by the court that sufficient facts have been stated therein to show probable cause that a felony has been committed by the defendant . . ." before a warrant of arrest is issued. The former rule authorized the *clerk* of the court to issue an arrest warrant upon the filing of a complaint and this procedure was deemed unconstitutional in *In re Harris,* 593 S.W.2d 517 (Mo. banc 1979) and *In re Green,* 593 S.W.2d 518 (Mo. banc 1979). Our supreme court, citing *Gerstein v. Pugh,* 420 U.S. 103, 95 S.Ct. 854, 43 L.Ed.2d 54 (1975), ruled an arrest warrant "may not issue unless there has been a finding of probable cause by a 'neutral and detached magistrate.'"[1]   *Id.* at 517 and 518.

■ Here, defendant was in custody under a warrantless arrest. Following the requirements of Rule 22.03, V.A.M.R., a complaint was filed and presented to the associate circuit judge. The signing and issuance of the arrest warrant by the judge constituted an implicit finding of probable cause that defendant had committed a felony. We do not read the rule to require, as defendant urges, that the judge make and enter a specific finding of record of probable cause. We are of the view that the judge's signing and issuance of the warrant satisfies the Fourth Amendment and the requirements of Rule 22.03, V.A.M.R.

■ There is another reason why defendant's contention falls by the wayside. An illegal arrest or detention does not void a subsequent conviction. *Frisbie v. Collins,* 342 U.S. 519, 72 S.Ct. 509, 96 L.Ed. 541 (1952); *Ker v. Illinois,* 119 U.S. 436, 7 S.Ct. 225, 30 L.Ed. 421 (1886); *State v. Moore,* 580 S.W.2d 747 (Mo. banc 1979).

The judgment is affirmed.

MAUS, C. J., and HOGAN and PREWITT, JJ., concur.

---

1. *Gerstein v. Pugh* reviewed Florida procedure whereby a person arrested without a warrant and charged by information could be jailed or subjected to other restraints pending trial without any opportunity for a probable cause determination. The court held that under the Fourth Amendment a person arrested without a warrant and charged by information with a state offense was entitled to a timely judicial determination by a neutral magistrate of probable cause for significant pretrial restraint of his liberty.