**STATE of Missouri,
Plaintiff-Respondent,**

v.

**James Edward MALADY, Jr.,
Defendant-Appellant.**

**No. 13262.**

Missouri Court of Appeals,
Southern District,
Division Three.

May 17, 1984.

Motion for Rehearing or Transfer
Denied June 13, 1984.

Application to Transfer Denied
Sept. 11, 1984.

Perry J. Rhew, Asst. Public Defender, Poplar Bluff, for defendant-appellant.

John Ashcroft, Atty. Gen., Frank A. Rubin, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

MAUS, Judge.

Appellant was charged in two counts with burglary, second degree, in violation of § 569.170, RSMo 1978, and stealing in violation of § 570.030, RSMo 1978. He was convicted by a jury on both counts. He was sentenced by the court as a persistent offender to imprisonment for concurrent terms of twelve years.

Appellant does not challenge the sufficiency of the evidence to sustain his conviction. That evidence establishes that on or about August 19, 1982, Joe Don Pelts' farm shop near Kennett, Missouri was burglarized. Entry was gained by breaking the lock hasp on the north door of the shop building. Taken in the course of the burglary were the following items: a floor jack; a hoist; a cutting torch; a 24″ aluminum Stillson; an electric hand saw; four hydraulic cylinders; and a variety of wrenches, punches, chisels, vice grips, pliers and a hammer. The Dunklin County Sheriff's Department was notified and they investigated the break-in.

The next day a deputy sheriff received an anonymous tip implicating appellant in the burglary. Appellant was summoned to

the jail. A deputy sheriff testified that upon the appellant's arrival, he was placed under arrest. Upon his arrival, the sheriff asked for permission to search appellant's car and he consented. Appellant said his car was at his aunt's house. From the booking room, he called her and told her to give the keys to the car to the sheriff.

The sheriff and his deputy went to the aunt's house. She gave them the keys. They opened the trunk and returned the keys to her. Some of the stolen tools were found in the trunk. They were identified at the scene by Mr. Pelts and one of his employees. The trunk was closed. When the sheriff again asked the aunt for the keys, she refused to give them to him. In the meantime, the appellant, who remained in the booking room, told the dispatcher he was leaving and walked from the jail. Later, the car was towed to the jail. The trunk was then pried open and the tools were seized and photographed. They were then returned to Mr. Pelts who produced them at appellant's trial.

■ Two of appellant's four points on appeal in his initial brief concern the circumstances of his arrest. He claims that he was held in custody more than twenty hours before a warrant was obtained and that the warrant ultimately issued was signed by the clerk of the court rather than the judge. He relies on Rule 22.06; *In re Green,* 593 S.W.2d 518 (Mo. banc 1979); *In re Harris,* 593 S.W.2d 517 (Mo. banc 1979). These arguments are without merit. In the absence of circumstances not present here, "[a]n illegal arrest or detention does not void a subsequent conviction." *State v. Reding,* 634 S.W.2d 552, 553 (Mo.App. 1982); *State v. Donnell,* 387 S.W.2d 508 (Mo.1965).

■ By a point attempted for the first time in his reply brief, the appellant seeks reversal because his initial arrest was without probable cause. He cites no authority contrary to *State v. Reding,* supra. He made no objection to the evidence on this basis. He cannot be heard to even assert his consent was thereby invalidated. He repeatedly testified his consent was purely voluntary and he did not think he was under arrest when he gave that consent. This attempted point has no merit. Further, as it was first stated in a reply brief, the point is entitled to no consideration. *Page v. Metropolitan St. Louis Sewer Dist.,* 377 S.W.2d 348 (Mo.1964).

■ Appellant claims that the warrantless seizure of the tools from the trunk of his car was an illegal search and that the evidence should have been suppressed. However, the initial search of the trunk was with the appellant's consent. The trunk contained property stolen during the burglary. "[T]here is no legitimate expectation of privacy in the contents of a container previously opened under lawful authority." *Illinois v. Andreas,* — U.S. —, —, 103 S.Ct. 3319, 3325, 77 L.Ed.2d 1003, 1011 (1983). "Consequently, the subsequent reopening of the container is not a 'search' within the intendment of the Fourth Amendment." Id., 103 S.Ct. at 3324. Nor does it matter there was an interval of time between the initial discovery of the stolen tools and their seizure at the jail. *State v. Pruitt,* 646 S.W.2d 369 (Mo.App.1982); *State v. Jines,* 539 S.W.2d 801 (Mo.App.1976). Once evidence is seen under circumstances that it may be taken by the police, its seizure at a subsequent time is lawful. *State v. Pruitt,* supra; *State v. Jines,* supra. A recent case based on similar facts is *Florida v. Meyers,* — U.S. —, 104 S.Ct. 1852, 80 L.Ed.2d 381 (1984).

■ Finally, appellant contends the prosecution failed to establish a proper chain of custody for the tools. He bases that contention upon the failure of the state to prove the tools were in the same condition at trial as when seized. Mr. Pelts produced the tools at trial. He testified they were his tools; the same tools which had been stolen and found in appellant's trunk. He also stated they were the same tools returned to him by the sheriff and he had maintained possession of them ever since. There was evidence of a chain of custody. That was sufficient. *State v. Ashley,* 616

S.W.2d 556 (Mo.App.1981). The objects were positively identified. Whether or not the tools were in exactly the same condition is not decisive. *State v. Hanson,* 587 S.W.2d 895 (Mo.App.1979).

The judgment is affirmed.

GREENE, C.J., CROW, P.J., and HOGAN and PREWITT, JJ., concur.