**STATE of Missouri, Respondent,**

v.

**Carl G. ADAMS, Appellant.**

**No. WD 42452.**

Missouri Court of Appeals,
Western District.

May 29, 1990.

As Modified June 28, 1990.

Motion for Rehearing and/or Transfer to Supreme Court Denied July 3, 1990.

Application to Transfer Denied
July 31, 1990.

Roy W. Brown, Kearney, for appellant.

William L. Webster, Atty. Gen., Robert P. Sass, II, Asst. Atty. Gen., Jefferson City, for respondent.

Before NUGENT, C.J., and FENNER, J., and WASSERSTROM, Senior Judge.

FENNER, Judge.

Appellant, Carl G. Adams, appeals his conviction, after trial by jury, of felony possession of more than 35 grams of marijuana, in violation of § 195.020, RSMo 1986.

Taken in the light most favorable to the state, the evidence was that on September 24, 1988, appellant was arrested at a farm he owned by Daviess County Deputy Sheriff Bill Wright. Appellant was arrested on a warrant issued by the Daviess County Circuit Court, Associate Division, on September 23, 1988. The arrest warrant was issued pursuant to a felony complaint by the prosecuting attorney. Also present at the time of appellant's arrest were Missouri State Highway Patrol Trooper Robert Kimberling, Daviess County Deputy Sheriff Robert Smith and a female companion of appellant's by the name of Shirley Adkins.

After appellant was arrested, Trooper Kimberling asked appellant for permission to search a Plymouth pickup truck that was present at the scene. Appellant stated that the truck belonged to Ms. Adkins. Trooper Kimberling then asked Ms. Adkins for permission to search the pickup and permission was granted.

Trooper Kimberling removed a gun and a black trash bag from behind the seat of the pickup. Trooper Kimberling also noticed a green leafy substance on the back portion of the seat of the pickup. The black trash bag was marked as evidence and submitted for laboratory analysis of its contents. The bag was found to contain marijuana.

After the bag was discovered, appellant told Deputy Sheriff Wright that he found the bag on an Interstate 35 off ramp. Sheriff Tom Houghton arrived on the scene after the other officers and appellant told him that he found the bag at the entrance to his field.

In his first point, appellant argues that the trial court erred by failing to suppress his statement and the bag containing marijuana. Appellant argues that the state's arrest warrant was invalid because it was based upon the conclusory statement of the prosecutor and not upon probable cause. Appellant argues the state did not have authority to enter upon his land and that the evidence taken by the state was inadmissible.

The original complaint of the prosecuting attorney herein named the court in which it was filed and the defendant. It was verified by the prosecutor and charged as follows:

> The Prosecuting Attorney of the County of Daviess, State of Missouri, charges that the defendant, in violation of Section 195.020, RSMo, committed the felony of manufacturing marihuana, a controlled substance, punishable upon conviction under Section 195.200.1(1), RSMo, in that on September 22, 1988, in the County of Daviess, State of Missouri, the defendant, produced marihuana by cultivating and encouraging the growth of marihuana, a controlled substance.[1]

■ Felony proceedings may be initiated by complaint filed in any court having original jurisdiction to try misdemeanors, or by indictment. Rule 22.01. Pursuant to Rule 22.02, a felony complaint must be in writ-

ing and contain 1) The name of the court, 2) the name of the accused, 3) the facts constituting the felony, and 4) verification by oath or affirmation of the complainant or signature by the prosecuting attorney on information and belief. Rule 22.02 does not require that the source of the information be disclosed in the complaint. The information need not be based upon affidavit of a person having actual knowledge of the offense, the information and belief of the prosecutor is enough. *State v. Brown*, 445 S.W.2d 647, 649 (Mo.App.1969). Furthermore, Rule 22.03 provides that a felony warrant of arrest is to issue upon the filing of a complaint and a finding by the court that sufficient facts have been stated to show probable cause.

■ In the case at bar, there were no facts presented to the court issuing the arrest warrant to show probable cause. The arrest warrant was issued on nothing more than the complaint of the prosecuting attorney which merely contained the prosecutor's conclusion that appellant perpetrated the offense described in the complaint.

Appellant relies chiefly on the case of *Whiteley v. Warden, Wyoming State Penitentiary*, 401 U.S. 560, 91 S.Ct. 1031, 28 L.Ed.2d 306 (1971), which holds that before a warrant for arrest can issue the judge issuing the warrant must be supplied with sufficient information to support an independent judgment that probable cause exists for the warrant.

The State argues that *State v. Black*, 587 S.W.2d 865, 872 (Mo.App.1979), and *State v. Reding*, 634 S.W.2d 552, 553 (Mo.App. 1982), support their position that the arrest warrant was valid without the presentation of facts to show probable cause. *State v. Reding* and *State v. Black* do not support the validity of the arrest warrant herein.

The court in *State v. Black* discussed the applicability of the holding in *Whiteley* to the then Missouri procedure, without addressing the constitutionality of the Missouri procedure in light of *Whiteley*, find-

---

1. Appellant was subsequently charged with possession of marijuana, the offense for which he was convicted. However, it is the arrest warrant issued pursuant to the original complaint for manufacturing marijuana that appellant argues was invalid and the evidence obtained in relation thereto inadmissible.

ing that the differences in the Missouri and Federal procedures were not meaningful to their case. Furthermore, at the time of the court's ruling in *State v. Black*, Rule 21.08 was the applicable Rule in regard to issuance of an arrest warrant and it did not require an independent finding of sufficient facts to show probable cause before a warrant could issue. As stated above, the currently applicable Missouri Rule of Court, Rule 22.03, requires an independent finding by the issuing court of sufficient facts to show probable cause that a felony has been committed by the defendant. Rule 22.03 is consistent with the holding in *Whiteley*.

■ The holding of the court in *State v. Reding* is pursuant to Rule 22.03 as currently in effect. In *State v. Reding*, 634 S.W.2d at 553, the court held that a judge signing an arrest warrant constitutes an implicit finding of probable cause that a defendant committed a felony in compliance with Rule 22.03. The holding of the court in *Reding* does not prohibit the defendant from being able to challenge that finding. *Reding* stands for the proposition that the issuance of a warrant implies a finding of record of probable cause. A defendant nonetheless has a right to challenge the court's finding to determine whether there were sufficient facts presented to the court to show probable cause.

There were not sufficient facts presented to the court in the case at bar, prior to the issuance of the arrest warrant, to show probable cause for the warrant. The warrant for appellant's arrest was invalid. It must therefore be determined if appellant's arrest was valid without a warrant.

■ An arrest can generally be made with or without a warrant if based upon probable cause, which simply means knowledge of facts and circumstances sufficient for a prudent person to believe that a suspect is committing or has committed an offense. *State v. Kroll*, 682 S.W.2d 78, 82 (Mo.App.1984). However, a warrantless arrest in the arrestee's home is impermissible under the Fourth Amendment, absent consent to enter or exigent circumstances.

*State ex rel. Williams v. Marsh*, 626 S.W.2d 223, 236 (Mo. banc 1982) (citing *Payton v. New York*, 445 U.S. 573, 590, 100 S.Ct. 1371, 1382, 63 L.Ed.2d 639 (1980)).

■ The protection of the Fourth Amendment extends to the curtilage of a person's home. *State v. Stavricos*, 506 S.W.2d 51, 57 (Mo.App.1974). "Curtilage" is defined as the inclosed space of ground and buildings immediately surrounding a dwelling house or as a yard, courtyard, or piece of ground, included within the fence surrounding a dwelling house. *State v. Egan*, 272 S.W.2d 719, 724 (Mo.App.1954). Curtilage is a right which goes only with a dwelling house as that term is commonly used and understood. *Id.* Although a defendant is the owner of a given premises, those premises must be within the curtilage of the owner's home if they are to come within the protection of the Fourth Amendment. *Id.*

■ Probable cause to arrest is to be determined on the facts available for consideration by the agencies or officers participating in the arrest; and the collective knowledge and the available facts are the criteria in assessing probable cause. *State v. Young*, 701 S.W.2d 490, 495 (Mo.App. 1985). It is not necessary for the arresting or detaining officer to possess all of the available information. *Id.*

■ At the hearing on appellant's motion to suppress, held on March 20, 1989, the state presented evidence sufficient to establish probable cause for a valid arrest without a warrant in the instant case. On September 22, 1988, Mike Heckenbach, a resident of Daviess County notified the Daviess County Sheriff's Office that marijuana was growing on the farm of appellant. The Sheriff's Office investigated the report and indeed found marijuana growing on the premises in what appeared "like a corn field," that had been harvested. There were tire tracks leading to the marijuana, and the plants appeared to be cultivated.

■ Appellant's arrest was within the area immediately surrounding an immobile van which was described by the police as

"like an old bread truck." Appellant testified that this van was his temporary residence on the farm. The state's evidence was that this was not a residence, but that it was used for storage purposes. The court was not required to find that appellant's arrest was within the curtilage of his home, thereby necessitating a warrant, under this evidence.

A reviewing court is free to disregard contrary evidence and inferences and is to affirm the trial court's ruling on a motion to suppress if the evidence is sufficient to sustain the trial court's findings. *State v. Blair*, 691 S.W.2d 259, 260 (Mo. banc 1985), cert. dismissed, 480 U.S. 698, 107 S.Ct. 1596, 94 L.Ed.2d 678 (1987). Appellant's arrest was valid without a warrant and his argument that the evidence taken pursuant to his arrest was inadmissible is denied.

In his second point, appellant argues that the trial court erred by allowing the late endorsement of Deputy Sheriff Wright as a witness and in allowing Deputy Sheriff Wright to testify in regard to an inconsistent statement made by appellant to Deputy Wright. Appellant also argues under his second point that the trial court erred in allowing Sheriff Houghton to testify about evidence of marijuana found on appellant's property at an earlier point in time.

■ On the day of trial, Tuesday, August 15, 1989, the prosecutor requested leave of court to endorse Deputy Sheriff Bill Wright as a witness. The prosecutor advised the court that he had informed counsel for appellant in the latter part of the previous week that he would seek to endorse Deputy Wright as a witness. The prosecutor further represented to the court that Deputy Wright's identity and the substance of his testimony were known to appellant since November of 1988. Appellant objected to Deputy Wright's endorsement as a witness, but declined the opportunity to interview Deputy Wright.

■ The trial court is vested with broad discretion in permitting the late endorsement of witnesses. *State v. Lamphier*, 745 S.W.2d 166, 170 (Mo.App.1987). Absent an abuse of discretion by the trial court or prejudice to the defendant, a conviction should not be overturned because a witness was endorsed on the day of trial. *Id.*

■ Several factors are considered when evaluating whether the trial court abused its discretion in allowing the late endorsement of a witness. These factors include whether the defendant waived his objection, whether the State intended to surprise the defendant, acted deceptively or in bad faith with the intent to disadvantage the defendant, if the defendant was actually surprised and suffered any disadvantage, and whether the type of testimony given might have been readily contemplated. *Id.*

The trial court did not abuse its discretion in allowing Deputy Wright to be endorsed as a witness.

■ Appellant further argues that it was error for the trial court to refuse to declare a mistrial following Deputy Wright's testimony that appellant told him he found the trash bag containing marijuana in a different place from where appellant told Sheriff Houghton he found the bag. Deputy Wright testified that appellant said he found the bag on an off ramp to Interstate 35, while Sheriff Houghton testified that appellant told him he found the bag at the entrance to his field. Appellant claims the state had a duty to disclose the statement made to Deputy Wright, but failed to do so, resulting in surprise and prejudice. Appellant argues that Deputy Wright's testimony was in violation of his request for discovery pursuant to Rule 25.-03(A)(2), which requires, in pertinent part, that upon defendant's request the state shall provide the substance of any oral statements made by the defendant.

■ The purpose of the discovery rules is to enable a defendant to adequately prepare for trial. *State v. Lamphier*, 745 S.W.2d 166, 169 (Mo.App.1987). The question of the remedy for violation of a discovery rule lies within the sound discretion of the trial court. A trial court's denial of a requested sanction is an abuse of discretion only where the admission of the evi-

dence results in fundamental unfairness to the defendant. *State v. Kilgore,* 771 S.W.2d 57, 66 (Mo. banc 1989). Moreover, when counsel is surprised by opposing evidence at trial, but does not claim what he would have done differently had the state disclosed the information, such a lack of disclosure has no effect on the trial. *Id.*

Deputy Wright's testimony in regard to appellant telling him he found the marijuana on an off ramp to Interstate 35 was not provided to appellant in discovery. However, Deputy Wright testified that he did not remember the statement in question until just before trial. As pointed out previously, appellant declined the opportunity to interview Deputy Wright prior to his testimony. Furthermore, appellant made no specific objection to Deputy Wright's testimony when it was given at trial. After his initial objection to Deputy Wright being endorsed as a witness, appellant did not object or request any relief for violation of discovery until after Deputy Wright was excused following cross-examination and re-direct examination.

Appellant does not claim what, if anything, he would have done differently had Deputy Wright's testimony, regarding the place where appellant told him he found the marijuana, been disclosed prior to trial. Finally, appellant was charged and convicted of possession of marijuana and where appellant obtained the marijuana is a collateral matter.

The admission of Deputy Wright's testimony did not result in fundamental unfairness to appellant and the trial court did not abuse its discretion by allowing Deputy Wright to testify.

■ Appellant further complains that Sheriff Houghton "exceeded the scope of counsel's questions, mentioning the presence of some marijuana found 'on [appellant's] place earlier.'"

■ Although evidence of other crimes is generally inadmissible, such evidence is admissible to prove the crime charged when it tends to establish motive, intent, absence of mistake or accident, a common scheme or plan embracing the commission of two or more crimes so related to each other that proof of one tends to establish the other, or identity of the person charged with the commission of the crime. *State v. Fraction,* 782 S.W.2d 764, 768 (Mo.App. 1989). Evidence of other crimes should be admitted under one of these exceptions only when the prejudicial effect of the evidence is outweighed by its probative value. *State v. Mallett,* 732 S.W.2d 527, 534 (Mo. banc 1987), *cert. denied,* 484 U.S. 933, 108 S.Ct. 309, 98 L.Ed.2d 267 (1987) This balancing of prejudicial effect and probative value lies within the sound discretion of the trial court. *Id.*

If evidence of another crime tends to show intent in the present instance, that evidence is admissible. *State v. Rose,* 727 S.W.2d 919, 921 (Mo.App.1987).

In the case at bar the state was required to prove that appellant possessed marijuana, knew that he possessed marijuana, and that he was aware of the nature and character of the marijuana in his possession. MAI–CR3d 332.06.2. There was no abuse of discretion by the trial court overruling appellant's objection to the testimony of Sheriff Houghton.

The judgment of the trial court is affirmed.

All concur.