STATE of Missouri, Plaintiff/Appellant,

v.

**James M. SCHWEITZER, Jr., Defendant/Respondent.**

**No. 65137.**

Missouri Court of Appeals, Eastern District, Division Two.

April 26, 1994.

Motion for Rehearing and/or Transfer to Supreme Court Denied June 6, 1994.

Application to Transfer Denied Aug. 15, 1994.

John G. Meyer, Asst. Pros. Atty., Franklin County, Union, for plaintiff, appellant.

Frank K. Carlson, Carlson and Hellmann, Union, for defendant, respondent.

KAROHL, Judge.

Defendant, James M. Schweitzer, Jr., was charged by indictment with one count of manufacture of a controlled substance by growing or cultivating it in violation of § 195.211 RSMo 1986, one count of possession of a controlled substance in violation of § 195.020 RSMo 1986, and two other offenses unrelated to the issues on appeal. The trial court sustained his motion to suppress all evidence obtained as a result of warrantless entries onto his property on August 18, August 22, and August 23, 1991. The state filed an interlocutory appeal from the order of suppression pursuant to § 547.200 RSMo 1986. The only issue presented is whether the state proved the warrantless seizure of marijuana plants found growing on defendant's property took place in an open field, thus making the evidence admissible under the open fields exception to the Fourth Amendment. We affirm.

The overriding principle of law involved is the constitutional protection of citizens from unreasonable searches and seizures by requiring the authorities to secure a search warrant based on probable cause, "describing the place to be searched, or the person or thing to be seized ..." U.S. Const., Amend. IV; Mo. Const. Art. 1, § 15. "[A]ll warrantless searches, subject only to a few well delineated exceptions, are per se constitutionally offensive." *State v. Peterson*, 525 S.W.2d 599, 603 (Mo.App.1975) citing *Coolidge v. New Hampshire*, 403 U.S. 443, 454–455, 91 S.Ct. 2022, 2031–32, 29 L.Ed.2d 564 (1971) and *Katz v. United States*, 389 U.S. 347, 357, 88 S.Ct. 507, 514, 19 L.Ed.2d 576 (1967).

When reviewing the trial court's order, the facts, and reasonable inferences arising therefrom, are to be considered favorably to the order challenged on appeal. We must disregard contrary evidence and inferences, and will affirm the trial court's ruling on a motion to suppress if the evidence is sufficient to sustain its findings. *State v. Jacobs*, 704 S.W.2d 300, 301 (Mo.App.1986).

The facts of this case were developed at an evidentiary hearing held on September 13, 1993. On August 12, 1991, a confidential informant reported to a St. Clair, Missouri, police officer that in June of 1991, he saw what he believed to be marijuana plants growing on defendant's property, located in Franklin County, Missouri, outside the City of St. Clair. The informant believed the plants were no longer there. Allegedly based on this tip, the St. Clair officer and the informant entered defendant's property on August 18, 1991. Defendant's premises were subsequently visited by two members of the Franklin County Task Force on August 22, 1991, and again by the St. Clair officer and one of the task force officers on August 23, 1991. The officers never sought defendant's permission to enter the premises or requested a search warrant.

Access to defendant's property was blocked by a steel gate secured with a large iron chain and padlock. The officers unlocked the gate with a key provided by the informant, and traveled down the gravel private road or driveway. There were dwellings on the property. Defendant's garden

area was located across the driveway from the dwellings. The five marijuana plants seized were visible only on the ground after walking through about eighteen rows of corn into the garden. There was no evidence they were seen or could have been seen from any other place of observation.

The Fourth Amendment prohibition against unreasonable searches and seizures inherently acknowledges the sanctity of a person's home and extends protection to the curtilage of the home. *State v. Adams*, 791 S.W.2d 873, 877 (Mo.App.1990). The United States Supreme Court has defined curtilage utilizing four factors: (1) the proximity of the area claimed to be curtilage to the home; (2) whether the area is within an enclosure surrounding the home; (3) the nature of the uses to which the area is put; and (4) steps taken to protect the area from observation by people passing by. *United States v. Dunn*, 480 U.S. 294, 301, 107 S.Ct. 1134, 1139–40, 94 L.Ed.2d 326 (1987). Fourth Amendment protection does not extend to areas known as "open fields." Justice Holmes in *Hester v. United States*, 265 U.S. 57, 44 S.Ct. 445, 68 L.Ed. 898 (1924) explained, "the special protection accorded by the Fourth Amendment to the people in their 'persons, houses, papers, and effects' is not extended to the open fields. The distinction between the latter and the house is as old as the common law." *Id.* at 59, 44 S.Ct. at 446.

The witnesses' physical descriptions of defendant's property were not specific regarding the proximity of the garden to a dwelling. There was no indication of the overall size or shape of the lot. There was no evidence regarding fencing other than mention of the gate. The state did not supply this court with any photographs that were admitted in evidence that may relate to these factual matters. We therefore must assume that the exhibits omitted from the record on appeal would support the trial court's order.

The gist of the state's argument is that defendant's "cornfield" is automatically an open field. In its reply brief, the state elaborates slightly by arguing that the garden area cannot be deemed within the curtilage of defendant's home because there is no evidence of defendant having a home near the premises searched. The state did not make this argument to the trial court or in its opening brief. The focus of the hearing and arguments was the nature and extent of vegetation. Clubhouses or dwellings along the private road were mentioned only in general terms. They were across the driveway from the garden but nothing more is known. Mindful of the standard of review, we defer to the trial court's implied finding that the garden area was within the curtilage of defendant's home, or that the garden was not an open field. Either finding of fact would support the ruling.

No attempt was made to take aerial photographs of defendant's property prior to the seizure of the evidence found on defendant's property, and no attempt was made to obtain a search warrant for the premises. The state has never argued it had probable cause. Nor has it argued exigent circumstance justified the seizure.

We affirm.