STATE of Missouri, Respondent,

v.

Edward ANDERSON, Appellant.

No. 63605.

Missouri Court of Appeals,
Eastern District,
Division Four.

Nov. 15, 1994.

Henry B. Robertson, St. Louis, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., John R. Watson, Asst. Atty. Gen., Jefferson City, for respondent.

AHRENS, Presiding Judge.

Defendant appeals his conviction of first-degree murder in violation of § 565.020 (Supp.1990) and armed criminal action in violation of § 571.015 RSMo 1986.[1] Defendant also appeals the denial, without an evidentiary hearing, of his Rule 29.15 motion for postconviction relief. Defendant was sentenced to one term of life imprisonment without possibility of parole on the murder conviction and one term of life imprisonment on the armed criminal action conviction, sentences to run concurrently. We affirm the convictions and remand for resentencing on the armed criminal action conviction.

Viewed in the light most favorable to the verdict, the following evidence was adduced at trial. In April, 1990, Glenna Sweazea met and became romantically involved with the victim, Glen Foster. After Foster was later incarcerated for an unknown reason, Sweazea moved in with Carl Stamper. Stamper later indicated to Sweazea that he had affections for her, but these feelings were not reciprocated. Several altercations resulted between Stamper and Foster, who had been released from prison.

According to the testimony of Sweazea, Stamper was feeling "threatened" by Foster's continuing relationship with Sweazea. She testified that she overheard Stamper asking defendant to kill Foster and that defendant agreed to do so.

Sweazea stated that she saw defendant with a sawed-off shotgun the morning of April 6, 1992, the day of Foster's murder, and that the defendant said "he had a bullet with [Foster's] name on it." Later that night Foster was shot and killed.

The police responded to the scene of the shooting, where Sweazea informed them of the conversation between Stamper and defendant regarding the killing of Foster. Sweazea also told police that defendant had a shotgun and that he said "he had a bullet with [Foster's] name on it." Defendant was subsequently arrested, transported to the police station, and advised of his Miranda[2] rights.

According to the defendant's typed confession he purchased a shotgun from someone on the street and sawed down the barrel. Defendant confessed that he shot Foster in the head after Foster had completed a drug sale. He admitted that he placed the shotgun in a doghouse and gave police officers the location. Police later retrieved the shotgun with one spent shell from the location defendant described.

After a jury convicted defendant, the jury assessed punishment for the murder conviction at imprisonment for life without parole and for the armed criminal action at imprisonment for ten years. Defendant was subsequently sentenced to life without parole on the murder conviction and life on the armed criminal action conviction.

Defendant filed a Rule 29.15 motion alleging ineffective assistance of counsel for failing to call a certain witness to testify on behalf of defendant.[3] Defendant's motion was denied without an evidentiary hearing.

Defendant argues in his first point that his oral and videotaped confessions were the products of an illegal arrest made without probable cause or a warrant and that the trial court erred by overruling his motion to suppress these statements. He contends that the arrest was based solely on unreliable information provided by Ms. Sweazea. De-

---

1. All statutory references are to RSMo 1986 unless otherwise indicated.

2. *Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

3. The other allegations in defendant's motion are not before this court.

fendant also argues that the arrest occurred in his home without his consent or a warrant.

When reviewing a trial court's ruling on a motion to suppress, we will affirm the ruling if the evidence is sufficient to sustain the trial court's finding. *State v. Childs,* 876 S.W.2d 781, 782 (Mo.App.1994). Upon such review, the facts and reasonable inferences arising therefrom are to be stated favorably to the order challenged on appeal. *Id.*

A police officer may make a warrantless arrest if the officer has probable cause to believe the person arrested has committed a felony. *Id.* Probable cause to arrest exists where the arresting officer has knowledge of facts and circumstances based on reasonably trustworthy information which would warrant belief by a reasonably cautious person that the person to be arrested is committing or has committed an offense. *Id.*

Defendant asserts that the information police received from Sweazea lacked reliability. We disagree. The record indicates that Ms. Sweazea told police officers that she knew defendant shot the victim and where defendant could be found. She related to police the conversation between defendant and Stamper regarding their planned killing of Foster. She also told police about the gun she had seen the defendant possessing earlier that day and that defendant had said "he had a bullet with [Foster's] name on it." We believe these facts to be sufficient to warrant a belief by the arresting officers that defendant had committed a murder.

Defendant also argues that the warrantless arrest was unlawful because it was made in defendant's home without consent and no exigent circumstances existed. Thus, he contends that his statements should be suppressed as fruit of this unlawful arrest. A search of the record reveals no allegation or proof by defendant that the arrest was made in the defendant's home without his consent. We find the evidence to be sufficient to sustain the trial court's ruling. Point denied.

In his second point, defendant argues that the trial court erred in allowing the videotape of defendant's confession to be played to the jury during cross-examination which re-

quired defendant to comment on it. He suggests that this impermissibly bolstered the confession testimony at the expense of other evidence.

A trial court is vested with broad discretion over the extent and scope of cross-examination. *State v. Coats,* 835 S.W.2d 430, 433 (Mo.App.1992). We will not interfere with that discretion unless it is clearly abused. *Id.* Section 546.260.1 provides that a defendant who testifies on his own behalf "may be contradicted and impeached as any other witness in the case." Such impeachment may be by evidence of a previous confession which is inconsistent with his testimony on the witness stand. *State v. Rapheld,* 587 S.W.2d 881, 892 (Mo.App.1979). In *Rapheld,* the defendant testified he did not commit the crimes he was accused of and was coerced and beaten until he confessed. The court held that this testimony put the accuracy and truth of his confession in issue and thus submitted himself to cross-examination and impeachment on the basis of those prior inconsistent statements. *Id.* In this case, defendant testified on direct examination that part of the taped confession was not true, and was "rehearsed" by the officers. On cross-examination the videotape was used to elicit inconsistencies between defendant's testimony and his taped confession. We find no abuse of discretion. Defendant's second point is denied.

In his third point, defendant argues that the trial court erred in allowing the prosecutor to misstate the evidence and draw unfounded inferences during closing argument. He contends that prosecutor's comments suggesting that a hood worn by victim may have blocked powder burns was an impermissible retaliatory comment. Defendant's position was that the absence of powder burns on the victim indicated that the victim was shot with a long-barrelled shotgun, not a short-barrelled shotgun, as the defendant confessed to using.

During rebuttal argument the following exchange occurred:

PROSECUTOR: If [defense counsel] thought this hood, which is clearly shown—

DEFENSE COUNSEL: Objection, Your Honor, shifting the burden of proof. I have no duty to bring any evidence to this courtroom.

THE COURT: Overruled. You may complete your statement.

PROSECUTOR: If [defense counsel] wanted this hood, she could have brought it in. It's clearly shown here in State's Exhibit Number 2, including where the gunshot was. Ladies and Gentlemen, again, you can ask for those photographs; that's why there is no powder burns from that close-range shot.

Defendant argues that the prosecutor's assertion that the hood proved that victim was shot from close-range was an impermissible misstatement of evidence during a retaliatory argument. *See State v. Chunn*, 657 S.W.2d 292, 295 (Mo.App.1983). We disagree.

■■■ The trial court has broad discretion in controlling closing argument, and will only be reversed for an abuse of that discretion. *State v. Hamilton*, 847 S.W.2d 198, 199 (Mo.App.1993). The state may make reasonable inferences and state conclusions if fairly drawn from the evidence. *Clemmons v. State*, 785 S.W.2d 524, 530 (Mo. banc 1990).

■■■ Evidence was presented at trial that victim was wearing a hood at the time of the murder. A forensic pathologist testified regarding the absence of powder burns on the victim:

PROSECUTOR: Now, Doctor, if the victim was wearing a hood as is shown in State's Exhibit Number 2, would that be the intermediate target that you referred to that would prevent stippling or powder burns from around the wound?

A. The clothing could filter out any powder.

Q. And, therefore, because of the hood that might account for the presence even from a close range shot of the absence of any powder?

A. Yes.

This evidence supports prosecutor's attempt to infer that the lack of powder burns indicated the shot *may* have come from a short-barrelled shotgun. Such an inference is not unreasonable.

■■■ The state may also make adverse inferences from the failure of defense to offer certain evidence which may reasonably be expected to be in defendant's favor. *State v. Perry*, 820 S.W.2d 570, 574 (Mo.App.1993). Such an inference, however, does not shift the burden of proof to the accused. *Id.* We believe prosecutor's argument regarding defendant's failure to offer the hood into evidence was not unreasonable and did not shift any burden to defendant. The State's evidence that victim was wearing a hood, along with the testimony of the Doctor, was sufficient to support prosecutor's explanation for the lack of powder burns. Defense could have offered the hood to prove the absence of powder burns, but this alone would not exculpate the defendant. As such, this inference shifts no burden of proof.

■■■ Defendant also argues that prosecutor ignored the trial court's sustaining of an objection inferring that defendant owed Stamper a debt for drugs. The relevant portion of the State's closing argument was as follows:

PROSECUTOR: Carl is a user. He uses the kids in the neighborhood and he used this boy to do what he wanted done. The defendant told you that he did smoke pot. Where does he get it? What does he owe Carl, the drug dealer, in the neighborhood, if you will?

DEFENSE COUNSEL: Objection, Your Honor, there is no—there is no evidence of that. There's not even an inference of that.

THE COURT: Sustained. The jury is instructed to disregard the last comment.

PROSECUTOR: The Defendant, she asks you what sort of relationship is there between Carl and the defendant. The defendant tells you he smokes dope. You draw your own logical inferences.

The court sustained defendant's objection and instructed the jury to disregard the first comment. The second comment, however, was not objected to and, therefore, is not properly preserved for appeal. No manifest injustice or miscarriage of justice resulted from the statement. We will note, however,

that prosecutor's second statement is supported by the evidence and asks the jury only to make its own inference from the evidence. No error appears. Defendant's third point is denied.

In his fourth point, defendant argues that the trial court erred in denying defendant's Rule 29.15 motion without an evidentiary hearing. Defendant suggests that trial counsel was ineffective for failing to call witness Renitra Woods who would have allegedly testified that the killer used a long-barrelled shotgun, not a short-barrelled shotgun as stated in defendant's confession. The trial court denied defendant's motion stating that there was substantial evidence presented to indicate that the weapon used was a sawed-off shotgun.

Review of a Rule 29.15 motion is limited to a determination of whether the findings and conclusions of the trial court are clearly erroneous. *State v. Harris*, 854 S.W.2d 853, 856–57 (Mo.App.1993). The findings and conclusions are deemed clearly erroneous if, upon review of the entire record, the appellate court is left with the definite and firm impression that a mistake has been made. *Id.* The findings of the motion court are presumptively correct. *Id.*

To prevail on a claim of ineffective assistance of counsel, defendant must show that counsel failed to exercise the skill and diligence of a reasonably competent attorney under similar circumstances and this deficient performance prejudiced his defense. *Strickland v. Washington*, 466 U.S. 668, 687, 104, S.Ct. 2052, 2064, 80 L.Ed.2d 674, 693 (1984). Because a movant must prove both the performance prong and prejudice prong as set forth in *Strickland*, we proceed directly to the issue of prejudice without addressing the performance issue. *See Harris*, 854 S.W.2d at 857. In order to establish prejudice a defendant must show there was a reasonable probability that, but for trial counsel's errors, the result of the proceeding would have been different. *Id.*

Substantial evidence supports the conviction. This evidence includes defendant's confession, defendant's statement that he had a bullet with victim's name on it, and

defendant's statement to Stamper agreeing to kill victim. We believe it unlikely that Renitra Woods's testimony would have changed the outcome of the case. The trial court's ruling was not clearly erroneous. Defendant's fourth point is denied.

Finally defendant contends that the trial court erred in sentencing defendant to life on the armed criminal action conviction. Respondent concedes this point. The jury assessed punishment for this conviction at ten years imprisonment which is within the range of punishment for armed criminal action. § 571.015.1 RSMo 1986. The trial court is required to impose no greater term of imprisonment than that declared by the jury unless the term declared by the jury is less than the authorized term for the offense. § 557.036.3 RSMo 1986.

We affirm the judgment of the trial court and remand with instructions to resentence defendant on the armed criminal action conviction in accordance with this opinion.

SIMON and KAROHL, JJ., concur.