**STATE of Missouri, Respondent,**

v.

**Donald JOHNSON, Appellant.**

**Donald JOHNSON, Movant–Appellant,**

v.

**STATE of Missouri, Respondent.**

**Nos. 67898, 70429.**

Missouri Court of Appeals,
Eastern District,
Division Four.

March 25, 1997.

---

Robert E. Steele, Jr., Asst. Public Defender, St. Louis, for appellant.

Jeremiah W. (Jay) Nixon, Attorney General, David R. Truman, Assistant Attorney General, Jefferson City, for respondent.

KAROHL, Judge.

Defendant, Donald Johnson, appeals after sentencing on jury verdicts convicting him of murder in the first degree and armed criminal action. He also appeals denial, after an evidentiary hearing, of his Rule 29.15 motion. We consider both appeals.

In November 1982, Theophelus Shelton, Sr. and Heleon Phillips lived at 4522 Newberry Terrace in St. Louis, Missouri. Shelton, Sr. hired defendant to perform odd jobs at this residence such as roofing, painting and moving furniture. Theophelus Shelton, Jr. testified he witnessed defendant working at his father's home.

On November 17, 1982, Shelton, Sr. and Phillips left their home around 11:00 a.m. to go grocery shopping. They returned about 1:00 p.m. and parked in the garage. Phillips walked to the rear of the house which had an enclosed sun porch outside the back door. As she approached the exterior door to the sun porch, she noticed a windowpane had been broken from that door and that the interior door leading into the kitchen had been kicked open. She also saw some garbage bags sitting on the back porch that had not been there when they left. She walked into the kitchen. She saw a hand holding a gun and heard a voice telling her to get out. A shot was fired. She dropped the groceries, told Shelton, Sr. to go back into the garage and ran to a neighbor's house to call the police. She heard two or three more shots.

Later, Phillips returned to the house and discovered the body of Shelton, Sr. He died in the garage from a bullet in his head. She also found the missing windowpane from the back door leaning against a wall near the porch. At trial she testified that a VCR and a large sum of money kept in the headboard of Shelton, Sr.'s bed were missing. She also recognized the gun held in the unknown assailant's hand as belonging to Shelton, Sr.

The police dusted for fingerprints. They lifted prints from (1) the VCR found in one of the garbage bags on the porch; (2) the windowpane from the back door; and (3) a strip of wood which held the windowpane in place. Detective Jackie Hendricks and his partner investigated the murder in November 1982. At that time, they talked to neighbors and attempted to locate witnesses but were unable to identify a suspect.

Twelve years later, on February 11, 1994, Detective Hendricks and his partner received information from Sergeant Gregory Owens concerning the fingerprints. The St. Louis Police Department was still interested in the unsolved crime. Sergeant Owens, of the department, entered the prints lifted from the crime scene into the Automated Fingerprint Identification System (AFIS) and matched some of the prints from the VCR, windowpane and wood strip to defendant. Detective Hendricks then placed a "wanted" in the police computer for defendant's arrest.

The police received information on March 7, 1994, that defendant was living with his aunt. At trial, Detective Hendricks testified they "went to that location, located [defendant], took him into custody and conveyed him to our office." Defendant was taken to the office "for the purpose of conducting a further investigation." Detective Hendricks advised defendant of his *Miranda* rights. Defendant said he understood them and indicated he wished to waive them and continue with the interview. Subsequently, defendant admitted to burglarizing Shelton, Sr.'s house with another man named Vernon because they did not believe Shelton, Sr. was going to

pay them for their work. Defendant agreed to make the audio taped statement which was played at trial over objection.

Defendant testified. He told the jury on the day of the murder he was at his mother's home cleaning her yard. His mother was not called to testify. He also claimed his burglary confession was involuntary and untrue.

The jury found defendant guilty of the first degree murder of Shelton, Sr. and armed criminal action. The trial court sentenced him as a prior offender to thirty years for the murder and a concurrent ten years for the armed criminal action. He filed a Rule 29.15 motion for post conviction relief alleging ineffective assistance of counsel. After an evidentiary hearing, the motion court denied his motion on March 18, 1996. He appeals from both decisions.

■ Defendant asserts four issues on appeal. First, he argues the trial court erred in denying his pro se motion to remove appointed counsel. In order to preserve an issue for appeal in a jury-tried case, it must be included in a motion for new trial. *State v. Candela*, 929 S.W.2d 852, 860 (Mo.App. E.D.1996); Rule 29.11(d). An allegation of error not included in a motion for new trial is reviewable only for plain error resulting in manifest injustice or miscarriage of justice. *Candela*, 929 S.W.2d at 860. Here, defendant failed to raise this issue in his motion for new trial. As such, we review only for plain error.

Prior to the date of trial, the trial court heard defendant's pro se motion to dismiss appointed counsel. In his motion, he only asked for the appointment of new counsel, not for the right to defend himself. Defendant was not present when his motion was submitted. The trial court denied the motion. The pretrial decision was made without notice to, and without the defendant's presence.

When the trial began, before the venire panel was summoned, the trial court afforded defendant the opportunity to re-open his motion to dismiss counsel. He gave several reasons why he wanted appointed counsel dismissed. He argued appointed counsel: (1) neglected to have him present at the motion hearing scheduled in October 1994; (2) was not planning on calling his mother to testify in support of his alibi defense; and, (3) lied to his mother by saying he admitted to committing the charged crimes, when in fact he never made such a statement.

■ Regarding defendant's first reason to remove appointed counsel, Article I, § 18(a), Constitution of Missouri, provides "the accused shall have the right to appear and defend, in person and by counsel." Section 546.030 RSMo 1994 provides "[n]o person indicted for a felony can be tried unless he be personally present, during the trial." Generally, however, the word 'trial' in the statute does not embrace every administrative and procedural step and the accused's presence is not necessary during proceedings which are not part of the trial, such as preliminary or formal proceedings or motions which do not affect his guilt or innocence. *State v. Durham*, 416 S.W.2d 79, 83 (Mo. banc 1967).

■ We find the trial court did not deny defendant his right to appear and defend. The question of whether the pretrial hearing of defendant's pro se motion to dismiss counsel was nullified by his absence is not before us because of the trial court's subsequent actions. Although he was not present at the pretrial ruling, he was given an opportunity to re-open his motion prior to trial and personally make his presentation. Clearly, without defendant's presence, proof of the grounds alleged would not be available. Moreover, the attorney who was the subject of defendant's pro se motion, could not represent defendant at the hearing. However, the court cured any defect so that the pretrial ruling on his motion was not prejudicial.

■ As to defendant's second and third reasons to warrant substitution of counsel, he must show "justifiable dissatisfaction" with his appointed counsel. *State v. Gilmore*, 697 S.W.2d 172, 174 (Mo. banc 1985). Refusing to present a proposed alibi defense is not per se justifiable dissatisfaction because determination of what witnesses to call is largely a matter of trial strategy and the decision is best left to counsel. *Id.* As such, the trial court did not plainly err in denying defendant's motion to dismiss appointed counsel on

the basis she decided not to call defendant's mother as a witness to events which occurred over ten years ago. Nor does defendant's argument concerning his inability to trust counsel based on a statement made by counsel to his mother rise to the level of justifiable dissatisfaction under plain error review. The context of the statement, if made, was not presented. Further, the statement attributed to counsel was more consistent with defendant's admission of participating in the burglary than his full alibi.

After the trial court found defendant's reasons insufficient to remove appointed counsel, defendant told the court "since the State is not gonna provide me with, you know, a[sic] attorney that I think is gonna defend me, do I have the right to defend myself?" The trial court subsequently answered this question in the affirmative but also maintained defendant had not provided a basis to have appointed counsel dismissed.

■ In his brief, defendant argues the court denied his constitutional right to defend himself under the Sixth and Fourteenth Amendments to the United States Constitution, and Article 1, Sections 10 and 18(a) of the Missouri Constitution. A defendant in a state criminal trial has a constitutional right to proceed without counsel when he voluntarily and intelligently elects to do so. *Faretta v. California*, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975). However, (1) the request to proceed pro se must be unequivocal and timely made, *State v. Herron*, 736 S.W.2d 447, 449 (Mo.App.1987); and, (2) there can be no denial of the right to self-representation in the absence of an unequivocal request to exercise that right, *State v. Freeman*, 702 S.W.2d 869, 871 (Mo.App. 1985).

■ Defendant never made an unequivocal request to represent himself. In his pro se motion to disqualify counsel, he never indicated a desire to defend himself. When the trial court allowed him to re-open the motion, he only asked if he had the right to represent himself. Absent an unequivocal statement, the trial court did not deny defendant his right to self-representation. Point I denied.

■ In his second point, defendant argues the trial court erred in denying his motion to suppress statements made to police because the statements were the fruit of an illegal arrest. When reviewing a trial court's ruling on a motion to suppress, we will affirm the ruling if the evidence is sufficient to sustain the trial court's finding. *State v. Childs*, 876 S.W.2d 781, 782 (Mo.App. E.D. 1994). The facts and reasonable inferences arising therefrom are to be stated favorably to the order challenged on appeal. *Id.*

Defendant contends the police violated his Fourth Amendment right to be free from unreasonable seizures when they arrested him in his home absent probable cause or an arrest warrant. Thus, he argues his subsequent statements made to police concerning his involvement in the burglary should be suppressed as fruits of an illegal arrest.

■ In order for defendant to have standing to raise a Fourth Amendment violation, he must demonstrate a legitimate expectation of privacy in the premises. *State v. Wise*, 879 S.W.2d 494, 503–504 (Mo. banc 1994). Defendant testified he was living at his aunt's house at the time of the arrest. Additionally, the officers who arrested him agreed defendant was living with his aunt. The Fourth Amendment prohibition against unreasonable searches and seizures inherently acknowledges the sanctity of a person's home. *State v. Schweitzer*, 879 S.W.2d 594, 596 (Mo.App. E.D.1994). Thus, defendant had Fourth Amendment standing as to his own residence.

■ Turning to the merits, a police officer may make a warrantless arrest if the officer has probable cause to believe the person arrested committed a felony. *State v. Anderson*, 886 S.W.2d 742, 745 (Mo.App. E.D.1994). Probable cause exists where the arresting officer has knowledge of facts and circumstances based on reasonably trustworthy information which would warrant belief by a reasonably cautious person that the person to be arrested is committing or has committed an offense. *Id.* A warrantless entry into a home to make an arrest may be justified by exigent circumstances or by consent. *State v. Peters*, 695 S.W.2d 140, 143 (Mo.App.1985).

Probable cause existed to arrest defendant. The police matched defendant's fingerprints to those found at the crime scene on items directly involved with the murder and underlying burglary. As to the warrantless entry argument, there was no evidence, at trial or in defendant's motions to suppress, to support a finding the officers illegally entered his home in order to make the arrest. The only evidence as to the location of the arrest by anyone, including defendant, is that he was arrested "at his aunt's house." Point II denied.

In his third point, defendant argues the trial court erred in denying his motion for judgment of acquittal at the close of the evidence. Specifically, in his point on appeal, he contends "THE TRIAL COURT COMMITTED REVERSIBLE ERROR ... WHEN THE COURT DENIED [DEFENDANT'S] MOTION FOR JUDGMENT OF ACQUITTAL AT THE CLOSE OF THE EVIDENCE BECAUSE THE STATE FAILED TO PRESENT SUFFICIENT INDEPENDENT PROOF OF THE ESSENTIAL ELEMENTS OF THE CORPUS DELICTI FOR THE UNDERLYING FELONY, BURGLARY SECOND DEGREE." In his motion for new trial, however, defendant only argued that the "trial court erred in denying defendant's motion for judgment of acquittal at the close of all evidence since the evidence was insufficient to sustain a conviction of the offenses."

Points in a motion for new trial must be specific. Rule 29.11(d). The rule provides that "[a]ny specific objections ... that were not made at the trial before submission to the jury must be set forth in the motion for new trial to preserve the error for review." *Id.* Defendant's allegation in his motion for new trial does not meet the requisite standard. Defendant's motions for judgment of acquittal were in general terms, "failure to prove a cause of action" and evidence insufficient to support convictions. The allegation in the motion for new trial was equally general. The issue presented to the trial court may or may not have been the specific issue argued here. An allegation of error in a motion for new trial may not be changed or broadened on appeal. *State v.*

*Blair,* 631 S.W.2d 91, 94 (Mo.App.1982). Defendant's attempt in his point on appeal to isolate a specific ground of error by the state does not preserve his allegation of error before the trial court. Thus, we review for plain error resulting in manifest injustice. *Candela,* 929 S.W.2d at 860.

We conclude no error, plain or otherwise, was committed. Our decision in *State v. Howard,* 738 S.W.2d 500, 505 (Mo.App.1987), controls this issue. In *Howard,* the defendant claimed that the corpus delicti of the charged crime, murder first degree related to a robbery, required independent proof, other than the defendant's confession, of the elements of the underlying robbery as the intended felony at the time of the murder. *Howard,* 738 S.W.2d at 505. We held:

> This argument misinterprets the requirement of proof of corpus delicti. It confuses burden of proof of the elements of the crime with proof that there was a crime committed, the charged crime of murder in the first degree. The elements of robbery are not part of the corpus delicti of the murder charge, but rather an allegation which the state was required to prove in support of the indictment based on that charge.

*Id.*

Defendant Johnson makes the same argument as the defendant did in *Howard.* The factual circumstances are similar. Both defendants were indicted on murder first degree related to an underlying felony, but not separately of committing the underlying felony. Both defendants confessed to committing the underlying felony. The only factual difference is that here the underlying crime is burglary, not robbery. Moreover, here the state proved the elements of a burglary. All that was required, proof of murder, was satisfied. In *Howard,* the defendant claimed the elements of the charged crime were unproven. Defendant Johnson's claim of error does not contend any element of the charged crime was unproven. Point III denied.

In his final point, defendant argues the Rule 29.15 motion court erred in determining that trial counsel was not ineffective

in failing to call defendant's mother, Alma Johnson, to testify. It denied relief after an evidentiary hearing. Review of a motion court's decision is limited to a determination of whether the findings, conclusions, and judgment are clearly erroneous. *State v. Stepter*, 794 S.W.2d 649, 656 (Mo. banc 1990). To establish ineffective assistance of counsel, defendant must show: (1) that counsel's representation failed to conform to the degree of skill, care, and diligence of a reasonably competent attorney under similar circumstances; and (2) defendant was thereby prejudiced. *Strickland v. Washington*, 466 U.S. 668, 689–92, 104 S.Ct. 2052, 2065–67, 80 L.Ed.2d 674 (1984); *Sanders v. State*, 738 S.W.2d 856, 857 (Mo. banc 1987). When defendant challenges defense counsel's decision not to call a witness, he must refute the presumption that defense counsel's acts or omissions were sound trial strategy. *State v. Fraction*, 782 S.W.2d 764, 770 (Mo.App.1989).

At the evidentiary hearing, Alma Johnson testified that, if called at trial, she would have said: (1) she was friends with Shelton, Sr.; (2) she remembered the day Shelton, Sr. was shot because she had recently got out of the hospital for pneumonia; (3) defendant was working in her yard on the day Shelton, Sr. was shot; (4) she was inside her house all day on the day of the incident; (5) she knew defendant was working outside in her yard because from time to time she looked out the window and saw him; and (6) her daughter Tammy told her and defendant about Shelton, Sr.'s death on the day he was shot. She could not remember the exact time of the evening Tammy came over.

■ Defense counsel testified at the hearing that her decision not to call Alma Johnson was because "there was no way to establish that she knew exactly where [defendant] was at all times during the day" and "because it was so long ago, the fact that if she did say she remembered where he was at all times, frankly doesn't—isn't very credible." The motion court found counsel's decision was an exercise of reasonable trial strategy. The ruling is supported by the testimony. Point IV denied.

We affirm the sentences and denial of Rule 29.15 relief.

RHODES RUSSELL, P.J., and SIMON, J., concur.